# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:12-cr-0005 |
| | ) | Chief Judge Haynes |
| RONALD W. PAUL | ) | |

## MEMORANDUM

Before the Court is Defendant's renewed motion to dismiss the indictment, (Docket Entry No. 80), contending that a Tennessee state court order absolved Defendant of his duty to register as a sex offender under Tennessee law, and absent a duty to register under Tennessee law, the Defendant cannot now be prosecuted for failure to register under the federal Sex Offender Registration Act ("SORNA"), 42 U.S.C. § 16901 et seq.. The Government opposes this motion, (Docket Entry No. 85), contending that the state court judgment in question did not absolve Defendant of his duty to register under SORNA.

For the reasons set forth below, the Court concludes that Defendant's renewed motion to dismiss the indictment should be denied. Defendant had an independent legal duty to register as a sex offender under SORNA notwithstanding the state court judgment. Defendant's duty to register under SORNA, a federal law, is distinct from his duty to register under Tennessee law. The state court judgment does not relieve Defendant of his duty to register under federal law.

### A. Factual Background

The factual background and procedural history of this action was previously set forth in detail in the Court's Memorandum on Defendant's earlier motion to dismiss the indictment (Docket Entry No. 33). Defendant previously filed a motion to dismiss the original indictment (Docket Entry No. 22), that was denied by the Court (Docket Entry No. 33).

In 1995, Defendant was convicted in Tennessee state court of one count of aggravated rape, three counts of rape, and two counts of sexual battery. State v. Paul, No. 01C01-9511-CC00358, 1997 WL 578969, at * 1 (Tenn. Crim. App. Sept. 19, 1997). Following a series of post-conviction proceedings, the State of Tennessee entered into a plea agreement with Defendant, the terms of which reduced Defendant's sentence to time served in exchange for Defendant foregoing his pursuit of any further post-conviction proceedings. (Docket Entry No. 22). The Tennessee judgment, implementing the plea agreement, contained the following language: "nor shall defendant be required to comply w/ the sexual offender registry." (Docket Entry No. 22-1).

On May 16, 2012, a federal grand jury indicted Defendant on a single count of violating 18 U.S.C. § 2250(a) by knowingly failing to register as a sex offender in Tennessee as required by SORNA. (Docket Entry No. 1). This action was tried to a jury on November 27, 2012, resulting in a mistrial without prejudice. (Docket Entry No. 59). On January 23, 2013, the Government filed a superseding indictment, charging two additional counts of failing to update a sex offender registration as required by SORNA. (Docket Entry No. 65).

## B. Conclusion of Law

SORNA requires that "[a] sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 42 U.S.C. § 16913(a). The term "sex offender" is defined within SORNA as "an individual who was convicted of a sex offense." 42 U.S.C. § 16911(1). A review of the legislative history reflects that Congress intended to create a registration regime distinct from the registration regime of any one state: "Congress in this Act establishes a comprehensive national system for the registration of sex offenders." H.R. REP. 109-218(I). See also United States v.

Utesch, 596 F.3d 302, 306 (6th Cir.2010).

In United States v. Felts, 674 F.3d 599, 603 (6th Cir. 2012), the Sixth Circuit considered whether a Tennessee resident could be convicted for failing to register under SORNA if Tennessee itself had not yet implemented SORNA. In concluding that a Tennessee resident could be convicted for failing to register under SORNA even if Tennessee had not implemented SORNA at the time of the offender's failure to register, the Felts court analyzed the relationship between SORNA's individual registration requirement and state law. The Sixth Circuit held that even if a state elected not to comply with SORNA or had not implemented SORNA, the state's "'failure to implement a federal law, however, does not give sex offenders a reason to disregard their federal obligation to update their state registrations.'" Id. at 604 (quoting United States v. Shenandoah, 595 F.3d 151, 157 (3d Cir. 2010)). See also United States v. Brown, 586 F.3d 1342, 1348 (11th Cir. 2009) ("The structure of SORNA's requirements indicates a separateness of the sex offenders' individual duty to register and the State's duty to enhance its registries and standards as mandated by the Act."); United States v. Mi Kyung Byun, 539 F.3d 982, 987 (9th Cir. 2008) ("Under SORNA, Byun qualifies as a 'sex offender' if she was convicted of a 'sex offense.'"); Droney v. Fitch, 4:10-CV-114 CAS, 2011 WL 890704 (E.D. Mo. Mar. 14, 2011) aff'd, 423 F. App'x 669 (8th Cir. 2011) (internal citations omitted) ("Missouri sex offenders, even those whose pleas or convictions predated the enactment of... SORNA, must now register with the state. The duty to register arises from the enactment of SORNA, a federal law... there is now an independent duty under federal law to register with state officials.").

Here, Defendant's underlying state court conviction for rape, aggravated rape, and sexual battery, all involving a minor, qualify Defendant as a sex offender under SORNA, and Defendant

3

is, thus, required by SORNA to register as a sex offender the period of time set forth therein. 42 U.S.C. §§ 16911, 16915.

Although the parties argue the validity of the state court judgment under Tennessee law, the Court concludes that SORNA controls. SORNA creates a federal duty to register that is distinct from a duty to register under a state sex offender registration law. The federal duty obligates offenders to register with the registry of the state in which they reside, instead of in a federal registry. The federal duty to register arises upon an individual's conviction for a sex offense as defined by SORNA, and persists for the time set forth in SORNA, regardless of whether there is a concurrent state obligation to register As the court in United States v. Morales, 258 F.R.D. 401, 405 (E.D. Wash. 2009), held, "SORNA creates a federal duty to register that is independent of the state duty to register... [c]onsequently [a] Defendant's federal duty to register is not dependent on whether he has a duty under state law to register. Rather, his federal duty to register is triggered because he meets SORNA's statutory definition of 'sex offender.'"

SORNA does not contain any language that ties a federal obligation to register as a sex offender under SORNA to an obligation to register as a sex offender under state law. The language of SORNA specifically links the obligation to register under SORNA to a conviction as a sex offender, not to any state law obligation to register as a sex offender. Thus, because Defendant had a duty to register under SORNA, any duty to register under state law is inconsequential to this action. Thus, the Court declines to address the validity of the state court judgment.

Because the Court concludes that Defendant's duty to register under SORNA existed as a result of his conviction of a sex offense and was unaffected by the disputed state court judgment absolving him of his state duty to register, the Court deems unnecessary any analysis of the parties'

constitutional arguments on the validity of the state court order.

For these reasons, the Court concludes that the Defendant's renewed motion to dismiss the indictment (Docket Entry No. 80) should be denied.

An appropriate Order is filed herewith.

**ENTERED** this _7th_ day of March, 2014

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court